UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEON HILLS,

    Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION and
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

    Defendants.

Case No. 22-10628
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)

Derrick Hills asks the Court to enjoin the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives from preventing him from buying a firearm. Hills asked for, and the Court granted, the right to pursue this case without prepaying the filing fee. (ECF Nos. 2, 5.) But when a Court grants that right, it has a responsibility: screen the complaint and decide whether it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court has completed that screening, and, for the reasons that follow, the Court will dismiss Hills' complaint and permit him to file an amended complaint within 30 days.

The roots of this case are in other cases. According to prior judicial opinions, Hills was at one point assisting debtors in bankruptcy court. *See Hills v. United States*, No. 16-2073, 2017 WL 3221278, at *1 (6th Cir. Feb. 10, 2017); *United States*

*v. Hills*, No. 14-11361, slip op. at 1 (6th Cir. Nov. 5, 2015).[1] But Hills was not licensed to practice law. *See* 2017 WL 3221278, at *1. And so the bankruptcy court entered several orders restricting Hills' ability to assist debtors. *See id.* When Hills did not heed those orders, the bankruptcy court found him in civil contempt. *See id.* But Hills still did not comply. *See id.* Eventually, enough was enough: the bankruptcy court recommended to the federal district court that Hills be prosecuted for criminal contempt. *See id.* "The district court . . . held a jury trial, and the jury convicted Hills of five counts of contempt of court, in violation of 18 U.S.C. § 401(3). The district court sentenced Hills to a total term of forty-six months of imprisonment and imposed a $25,000 fine." *Id.*

Hills appealed. The Sixth Circuit stated in part, "Hills argues that his forty-six-month sentence was improper because criminal contempt under § 401(3) is a Class B misdemeanor, not a felony offense. Both the text of § 401 and binding precedent hold that the severity of any fine or imprisonment imposed for criminal contempt is within the district court's discretion." *United States v. Hills*, No. 14-11361, slip op. at 1 (6th Cir. Nov. 5, 2015) (citing 18 U.S.C. § 401; *Frank v. United States*, 395 U.S. 147, 149 (1969); *United States v. Sternman*, 433 F.2d 913, 914 (6th Cir. 1970)). "Accordingly," said the Court, "Hills has not shown that the district court erred by imposing a forty-six-month sentence." *Id.*

---

[1] This unpublished order can be found at ECF No. 139 of the district court docket for case number 12-12254.

Hills then filed a motion to vacate his sentence under 28 U.S.C. § 2255. The trial court stated in part, "Hills's assertion that all contempts are universally classified as misdemeanors, and therefore subject to a maximum sentence of one year in prison, is simply not an accurate statement of the law." *Hills v. United States*, No. 12-12254, 2016 WL 3254566, at *1 (E.D. Mich. June 14, 2016).

Hills appealed the denial of his § 2255 motion. In addressing that appeal, the Sixth Circuit stated, "The district court also interpreted Hills's § 2255 motion as arguing that counsel performed ineffectively by failing to argue that his contempt convictions were only misdemeanor rather than felony offenses." *Hills v. United States*, No. 16-2073, 2017 WL 3221278, at *3 (6th Cir. Feb. 10, 2017). But, said the Sixth Circuit, "on direct appeal, we rejected Hills's argument that criminal contempt under § 401(3) is necessarily a misdemeanor offense, noting that [b]oth the text of § 401 and binding precedent hold that the severity of any fine or imprisonment imposed for criminal contempt is within the district court's discretion." *Id.* (internal quotation marks omitted).

Skip ahead several years to March 2022, when Hills filed this lawsuit against the FBI and ATF. Hills asks this Court to declare that he is not barred from "purchas[ing] a firearm unless in the future, [he] is convicted of a crime that would normally bar a person from purchasing a firearm." (ECF No. 1, PageID.6.) Hills' complaint also states that he "has no felony convictions nor any other prohibitive convictions," yet "is barred from obtaining a permit to purchase a firearm." (*Id.*) (That

3

is about all Hills has pled; he used a form complaint and wrote a total of three sentences.)

Hills' complaint does not state a claim upon which relief may be granted. True, Hills pleads that he "has no felony convictions nor any other prohibitive convictions." (ECF No. 1, PageID.5.) And if this Court were required to accept that assertion as a fact, then, perhaps, Hills might have stated a viable claim. But accepting that assertion as fact would require this Court to ignore three judicial opinions: one by the very judge who sentenced Hills and two by the Court that reviewed and affirmed that judge's determinations. In particular, the district court rejected the claim that "all contempts are universally classified as misdemeanors." *Hills*, 2016 WL 3254566, at *6. And the Sixth Circuit "rejected Hills's argument that criminal contempt under § 401(3) is necessarily a misdemeanor offense." *Hills*, 2017 WL 3221278, at *3. Given the prior determinations, including by the Court of Appeals, this Court is not required to accept Hills' statement in his complaint as fact. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (providing that on a motion to dismiss, a court may "take judicial notice of facts [that] are not subject to reasonable dispute").

And even if there were some debate over whether Hills was properly convicted of a felony, *see* Kaley Ree Jaslow, *Life in Jail for Misbehavior: Criminal Contempt and the Consequence of Improper Classification*, 71 Fla. L. Rev. 599, 605–06 (2019), Hills' complaint fails to state a claim for a second, related reason. Hills has apparently sued the FBI because it conducts a National Instant Criminal Background Check when people attempt to buy firearms. *See Permanent Brady State Lists*, Bureau of

4

ATF, https://perma.cc/DT8S-6GCU (including Michigan). As part of that background check, Hills is required to complete ATF Form 4473, which asks, "Have you ever been convicted in any court, including a military court, of a felony, *or any other crime for which the judge could have imprisoned you for more than one year*, even if you received a shorter sentence including probation?" *ATF Form 4473*, Bureau of ATF, https://perma.cc/CG2J-8GTB; *see also* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment *for a term exceeding one year* . . . to . . . possess in or affecting commerce, any firearm or ammunition."). There is no dispute that Hills was given a 46-month sentence. And there is no dispute that a 46-month sentence was affirmed on appeal. So felony or not, Hills has not adequately pled that the FBI or ATF are unlawfully prohibiting him from obtaining a firearm.

\* \* \*

For the reasons given, Hills' complaint does not state a claim upon which relief may be granted. So it is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). If Hills believes that, despite the judicial rulings related to his criminal contempt proceeding, he can plead facts showing a right to obtain a firearm, he may file an amended complaint on or before June 10, 2022. If no amended complaint is filed by that date, this case will be dismissed with prejudice without further order from this Court.

SO ORDERED.

Dated: May 4, 2022

                                                          s/Laurie J. Michelson
                                                          LAURIE J. MICHELSON
                                                          UNITED STATES DISTRICT JUDGE