UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEON HILLS,

    Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION and
BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

    Defendants.

Case No. 22-10628
Honorable Laurie J. Michelson

**OPINION AND ORDER
DISMISSING AMENDED COMPLAINT UNDER 28 U.S.C.
§ 1915(e)(2)(B)**

Derrick Hills believes that the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives are infringing on his Second Amendment right to buy a firearm. (ECF No. 12, PageID.30.) So he asks this Court to enjoin the FBI and the Bureau from continuing to do so. (*See* ECF No. 1, PageID.6.)

Hills is proceeding without prepaying the filing fee, so this Court has an obligation to screen his complaint to see if it "state[s] a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In a prior screening order, the Court thought that Hills' 46-month sentence for criminal contempt barred his

possession of a firearm. *See Hills v. Fed. Bureau of Investigation*, No. 22-10628, 2022 WL 1410707, at *2 (E.D. Mich. May 4, 2022). But the Court also thought that Hills might be able to plead otherwise, so it permitted Hills to file an amended complaint. *Id.*

Hills has done so. In his amended complaint, he provides some facts leading to this suit. Hills explains that he tried to purchase a firearm at Action Impact in Michigan. When Action Impact processed his request through the National Instant Criminal Background Check System, which is operated by the FBI, his request was denied. (ECF No. 12, PageID.31.) And in February 2021, in response to Hills' inquiry, the FBI informed Hills that he was prohibited from purchasing a firearm pursuant to 18 U.S.C. § 921(a)(20) and § 922(g)(1). (ECF No. 12, PageID.31.) Section 922(g)(1) provides in part, "It shall be unlawful for any person . . . who has been convicted in any court of[] a *crime* punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition." (Emphasis added.) (Section 921(a)(20) provides exceptions to § 922(g)'s prohibition on purchasing a firearm, none of which are relevant here.)

Although Hills' amended complaint contains more factual matter than his original complaint, Hills is not very clear about why he believes that the FBI is wrongly preventing him from buying a firearm. He pleads that he was "never convicted." (ECF No. 12, PageID.32.) Hills says this is based two facts.

2

(*Id.*) One is that the docket in his criminal contempt case does not show that he was "charged with a crime via an indictment, information, criminal complaint or otherwise. Ergo, [he] could only have been convicted of a charge." (*Id.*) The other fact is that the FBI's criminal-history report does not show that Hills was ever convicted of a crime "relating to" § 922(g)(1). (*Id.*) Hills also argues that in another civil suit he filed, a judge did not agree with the government's *Heck v. Humphrey* argument, which further shows "that he was never convicted." (ECF No. 12, PageID.32–33.)

Even with Hills' additional allegations, he has not adequately pled that he is entitled to purchase a firearm despite his conviction for criminal contempt. To the extent that Hills is arguing that he was never convicted—period—that assertion is contrary to the judgment in his criminal contempt case. The judgment states, "Judgment in a Criminal Case" and that Hills was "found guilty of 5 counts of Contempt of Court" in violation of 18 U.S.C. § 401(3). *In re Hills*, No. 12-12254 (E.D. Mich. Mar. 10, 2014) (judgment). This judgment was affirmed on appeal, *United States v. Hills*, No. 14-11361 (6th Cir. Nov. 5, 2015) (order), and against collateral attack as well, *Hills v. United States*, No. 16-2073, 2017 WL 3221278, at *1 (6th Cir. Feb. 10, 2017). As for Hills' reliance on his other civil suit, the judge in fact found that *Heck* applied because "Plaintiff has failed to show that his conviction has been set aside."

*Hills v. Roble*, No. 15-12148, 2021 WL 1207353, at *3 (E.D. Mich. Mar. 31, 2021).

But perhaps Hills is making a slightly different claim: not that he was never convicted, period, but that he was never convicted of a "crime" as that term is used in § 922(g)(1). If this is Hills' claim, it too is not viable. The procedural protections provided in Hills' contempt case (e.g., a jury trial, proof of guilt beyond a reasonable doubt) make clear that Hills was convicted of criminal contempt in nonsummary fashion. *See generally In re Hills*, No. 12-12254 (E.D. Mich. filed Apr. 5, 2012). And "it is well established that criminal contempt, at least the sort enforced through nonsummary proceedings, is a crime in the ordinary sense." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (internal quotation marks omitted); *see also Bloom v. State of Ill.*, 391 U.S. 194, 201 (1968) ("[C]riminal contempt is a crime in every fundamental respect."); *In re Troutt*, 460 F.3d 887, 893 (7th Cir. 2006) ("[C]riminal contempt is a crime, like all other crimes."). So unless the word "crime" in § 922(g)(1) does not include "crime in the ordinary sense," criminal contempt falls within its scope. But Hills has pled no reason why § 922(g)(1) would not include "crime in the ordinary sense." In fact, § 921(a)(20) cuts against that reading: that provision describes certain crimes that are excluded from the definition of "a crime punishable by imprisonment for a term exceeding one year." None of the crimes § 921(a)(20) describes is criminal contempt.

4

\* \* \*

For the reasons given, Hills' complaint does not state a claim upon which relief may be granted. So it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). As Hills has already had one opportunity to amend his complaint, the dismissal is WITH PREJUDICE.

If Hills chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: August 16, 2022

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE